## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**LIZANNE LA SALLE RIVERA**

    **Debtor(s)**

**CASE NO. 17-03771**

**CHAPTER 13**

**FILED & ENTERED ON 05/23/2018**

### OPINION & ORDER

Before the court is Victor Matos Gonzalez's (hereinafter "Matos") *Motion for Reconsideration of Order Denying a Late Claim and/or for Determination of Secure Status* [Dkt. No. 54] and *Debtor's Opposition to Motion for Reconsideration of Order Denying Late Claim and/or for Determination of Secured States (#54)* [Dkt. No. 56]. This controversy stems from the court's Opinion & Order [Dkt. No. 44] denying and striking from the claims registry a late filed claim by Matos. The court determined that Matos' delay in filing the claim was inexcusable delay as per Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Matos' motion for reconsideration was filed thirty (30) days after the Opinion & Order was docketed. As such, the court will proceed to analyze the merits of this matter under Fed. R. Civ. P. 60(b).[1]

Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778

---

[1] Fed. R. Bankr. P. 9024 states that Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code.

-1-

F.2d 1386, 1387 (9thCir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances.").

Thus, a movant in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Accordingly, a motion for reconsideration must not be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999).

In his motion to reconsider, Matos argues that his claim was filed as a partially secured claim and states that "[t]he late filing of the claim had an effect on the allowance of the claim and the participation of VÍCTOR [Matos] in the distribution under the plan. Moreover, Matos states in the motion that he does not question the court's ruling as to the timeliness of the claim and its disallowance, but rather that the secured portion of the claim is still alive. Matos cites Fed. R. Bankr. P. 3002(a) as support and requests the court allow "the secure portion of the claim only for purposes of obtaining a determination as to the existence and validity of the lien that secures VICTOR's [Matos] claim because "[t]he validity of the lien has not been properly litigated." Nevertheless, despite Matos' reasoning and lengthy explanation as to the validity of his secured status, these arguments are irrelevant as to the timeliness of the claim and serve no purpose in this courts determination of whether the Opinion & Order denying Matos' late filed claim should be reconsidered.

Matos fails to establish any of the required legal factors for reconsideration discussed above. After considering the factual and legal arguments brought forth, the court finds that

Matos' motion neither provides the court with genuine reasons why it should revisit the prior Opinion & Order, nor compelling facts or law in support of reversing the prior decision. Matos' motion rehashes the same arguments that were made in response to the Chapter 13 *Trustee's Objection to Claim No. 05 filed by Victor Matos Gonzalez & Request for Waiver to Place Bond* [Dkt. No. 34]. The reasoning as to his purported secured status was immaterial in determining the timeliness of the filed claim, and remains irrelevant to this reconsideration.

None of Matos' arguments fall within the purview of a Rule 60(b) motion. Granting a motion for reconsideration under Rule 9024 is generally viewed with disfavor by the courts, and the claims now being set forth by Matos do not provide any reason to justify relief from this court's Opinion & Order [Dkt. No. 44].

Because Matos has failed to establish the legal requirements for reconsideration, this court finds that they are not entitled to reconsideration under Rule 9024 of the Federal Rules of Bankruptcy Procedure. Matos' *Motion for Reconsideration of Order Denying a Late Claim and/or for Determination of Secure Status* [Dkt. No. 54] is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 23rd day of May, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

-3-