**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-03771** |
| **LIZANNE LA SALLE RIVERA** | **CHAPTER 13** |
| | <span style="color:red">**FILED & ENTERED ON 09/21/2018**</span> |
| **Debtor(s)** | |

## OPINION & ORDER

Before the court is *Motion Requesting Modification of the Automatic Stay* filed by the Debtor's ex-spouse, Victor Gonzalez Matos (hereinafter "Movant") [Dkt. No. 49]; Movant's *Brief on Property of the Estate* [Dkt. No. 83]; Debtor, Lizanne La Salle Rivera's (hereinafter "Debtor") *Brief in compliance with Order* and *Second Brief in Compliance with Order* [Dkt. No.'s 84 & 85], and Movant's *Reply Brief* [Dkt. No. 86]. Movant is seeking relief from the automatic stay so that the pending proceeding before the Puerto Rico Court of First Instance of Bayamon, for the alleged illegal appropriation of funds resulting from the liquidation of community property, may continue.

PROCEDURAL EVENTS

1. In 2015, prior to the bankruptcy petition, the Debtor and Movant were engaged in litigation to liquidate their post-marital community at the Puerto Rico Court of First Instance, Case No. D DI2014-0682.

2. On October 24, 2015, Movant and Debtor ended their conjugal relation. By an amended Judgment entered on January 27, 2015, the parties got divorced by mutual consent and simultaneously entered into a liquidation agreement of their Conjugal Partnership. Case No. D DI2014-0682.

-1-

3. On May 30, 2017, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Amended Chapter 13 Plan, dated July 19, 2017, was confirmed on June 26, 2018.

4. On February 20, 2018, Movant filed a motion requesting relief from stay. In his motion, the Movant argues that certain funds, now under the control of the state court, belong to him and are not part of Debtor's estate. These funds were awarded to him in the liquidation of the conjugal partnership he had with the Debtor which was liquidated prior to the filing of this petition. Movant requests relief from stay to continue with a pending suit against the Debtor in the Puerto Rico First Instance Court.

5. On June 11, 2006, Debtor filed her opposition [Dkt. No. 76]. The Debtor alleges that Movant failed to state a claim upon which relief can be granted pursuant to Fed. R. Bankr. P. 7012. She argues that Movant holds nothing more than an unsecured claim and has failed to comply with his burden of showing why he deserves to have his claim preferentially treated.

6. Thereafter, Debtor filed two briefs insisting in her position that the funds belong to her and are property of the estate. Debtor requests an order from this court instructing the Bayamon State Court to release the funds to her in case #DAC2016-1816(701).

<u>JURISDICTION</u>

The court has jurisdiction over this contested matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## APPLICABLE LAW AND DISCUSSION

*A. Property of the Estate pursuant to 11 U.S.C. § 541*

Subject to a debtor's right to claim certain property as exempt under 11 U.S.C. § 522[1], when a debtor files for bankruptcy "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate "wherever located and by whomever held". 11 U.S.C. § 541(a)(1). The bankruptcy estate is created automatically by operation of law immediately after the bankruptcy petition is filed. 11 U.S.C. § 541(b).  Section 541(a)(2)(A) of the Bankruptcy Code provides that the bankruptcy estate compromises all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is… "under the sole, equal, or joint management and control of the debtor." 11 U.S.C. § 541(a)(2)(A). The term "spouse", as used in Section 541(a)(2), includes a former spouse when the ex-spouses <u>have not</u> partitioned the property of their conjugal community, even if the conjugal community was terminated pre-petition. <u>Vélez v. Pérez León,</u> 2013 Bankr. LEXIS 3859. (emphasis ours).

---

[1]   In her motion in compliance [Dkt. No. 84], Debtor contends that the Bankruptcy Code permits a debtor to "exempt" chosen assets. When a debtor successfully claims an exemption over an asset of the estate, the net effect is to remove it from the estate up to the value of the claimed exemption. Moreover, the Bankruptcy Code allows debtors to remove from the estate certain property interests based on recognized federal or state exemptions. <u>See</u> 11 U.S.C. § 522. Debtor cites <u>In re Barroso-Herrans</u>, 524 F.3d at 344 [citing <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642 (1992)] as support for the following: "Absent objection to a claimed exemption within thirty days of the creditors meeting, the property claimed as exempt belongs to the debtor and not the estate-even if the exemption was improper."
   Debtor states that in her case she filed schedule A/B on June 28, 2017 [Dkt. No. 17] and the same shows a claimed exemption of $11,986.08 applied to the $11,986.08 funds in controversy; with no objections on record. As a result the asset is effectively removed from the bankruptcy estate. Therefore, inasmuch as the said funds are judicially sequestered from monies deposited by debtor after the divorce decree from an account bearing debtor's name only, the property belongs to debtor.
   The court rejects this argument outright based on the language of section 522 and case law. "No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted." <u>Owen v. Owen</u>, 500 U.S. 305 (1991).

It is a well-established principle of bankruptcy law that property interests are determined pursuant to state law unless a particular federal interest requires a different result. Butner v. U.S., 440 U.S. 48 (1979), quoting Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 609 (1961). Butner states in relevant:

> Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a state serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.

Butner v. U.S., 440 U.S. at 54-55 (1979).

As a result of section 541(a)(2), the only property of either spouse that is not included in the estate is the separate property of the non-debtor spouse and community property under the sole management and control of the non-debtor spouse; to the extent such community property is not liable for claims against a debtor. Thus, a subsequent petition in bankruptcy by or against the non-debtor spouse would pass only the remaining or newly created community property and that spouse's separate property to the estate. 5 Collier on Bankruptcy ¶ 541.11(Richard Levin & Henry J. Sommer eds., 16th ed.).

Under Puerto Rico law, the conjugal partnership is "dissolved" only by death or a final judicial decree terminating it or nullifying it on the grounds provided in the Civil Code of Puerto Rico. Article 1315 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3681. Only then can either spouse -- or the heirs of a deceased one -- claim his/her/their half in said partnership pursuant to Articles 1295 and 1315 of the Civil Code of Puerto Rico Civil, 31 L.P.R.A. §§ 3621 and 3681. Similarly, Article 105 of the Civil Code of Puerto Rico states that a "divorce carries with it a complete dissolution of all matrimonial ties, and the division of all property and effects between

-4-

the parties to the marriage." 31 L.P.R.A. § 381. In re Pérez León, 2013 Bankr. LEXIS 3859. Based on the foregoing, the court determines that the funds in question are not property of the estate as defined by section 541.

   B. *Automatic Stay pursuant to 11 U.S.C. § 362*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. Otero López v. Dep't of Treasury, 492 B.R. 595, 601 (Bankr.D.P.R. 2013). It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. In re Rivera Guzman, 513 B.R. 202 (citing H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. Also see Rodríguez Ramos v. BPPR, 493 B.R. 355, 362 (Bankr. D.P.R. 2013); In re Otero López, 492 B.R. at 601*;* ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir. 1982)). It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy. In re Rivera Guzman (quoting ICC v. Holmes Transp., Inc., 931 F.2d at 977).

In relevant part, section 362(a) provides that upon filing for bankruptcy, a debtor is immediately protected by an automatic stay that prohibits, inter alia, the:

   …

   (1) …continuation ...or other action or proceeding against the debtor that was or could have been commenced before the [bankruptcy petition]…or to recover a claim against the debtor that arose before the commencement of the case under this title;

and,

   …

   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case....

11 U.S.C. § 362(a)(1) and (a)(6).

The automatic stay provisions contained in section 362(a) only protect the debtor and the property of the estate, and is therefore not extended to the non-debtor spouse or to his private property. Lugo v. Rivera, 2017 Bankr. LEXIS 3960.

Prior to the commencement of the present bankruptcy case, the community property regime was terminated, the former community property was partitioned, Movant received the funds from the partition as his separate property, and that asset ceased to be either community or former community property. In the amended Judgment entered on January 2015, the Puerto Rico First Instance Court (Case No. D DI2014-0682) dissolved the community and partitioned the former community property.

## CONCLUSION

This court determines that the property in dispute in the state court case is not property of the Debtor's estate. By definition, the monies are not protected by the automatic stay. For the reasons stated, the Movant may proceed with Case No. D DI2014-0682 in the Puerto Rico Court of First Instance of Bayamon.

SO ORDERED

In San Juan, Puerto Rico, this 21st day of September, 2018.

Brian K. Tester
U.S. Bankruptcy Judge